WILLIAMS, Judge.
This is an appeal from a judgment by the trial court awarding plaintiffs $247,644.00 with interest, attorneys’ fees, and costs for the taking of plaintiffs’ land without compensation.
After submission of briefs and oral argument, counsel for all parties indicated that the case was to be settled. We eventually were informed one issue remained: the method of distribution of the funds. The Levee Board contends that the suit is a petitory action, and plaintiffs argue that it is a money judgment that can be distributed to the succession representative.
In 1861, Antoine Rovira bought several tracts of land in Orleans Parish. He died intestate ten years later, survived by a wife, Elizabeth Spreckles, and eight children. Although a succession was opened, no judgment of possession was rendered. Elizabeth died in 1903; her succession was opened in 1978.
On the land purchased by Antoine Rovira, the New Orleans Levee Board had levees built in 1944 and 1968. Plaintiffs claim that these constructions were made on the land purchased by Antoine Rovira in 1861 and that they were never compensated for the taking. The plaintiffs, the co-administrators for the Successions of Elizabeth and Antoine Rovira, filed suit against the Board of Commissioners for the Orleans Levee Board for compensation for the land taken. After trial, the judge awarded plaintiffs $10,800.00 per acre for 22.938 acres along with interest from the date of taking and costs.
This court has addressed the issue of the proper parties plaintiff to bring the action in a similar case, Succession of Rovira v. Board of Commissioners of the Port of New Orleans, 418 So.2d 1382 (La.App. 4th Cir. 1982). The facts of that decision are identical to the ones presented by this appeal.
In the previous decision, this court held that the co-administrators of the Elizabeth Spreckles and Antoine Rovira successions were proper parties plaintiff:
“Because no judgment of possession was rendered in Antoine’s succession, and Elizabeth’s succession had not been opened before 1978, we conclude the co-administrators of both successions were proper parties, as succession representatives, to file this suit. See LSA-C.C.P. Art. 685.

“Moreover, as a matter of judicial economy, the filing of the instant action by the succession representatives is the most prudent means of assuring the interests of all the Rovira heirs are protected.”
Id. at 1385-86.
Appellant has not presented us with any compelling reasons to disturb the previous decision of this court. That decision was well-reasoned, correct and applicable to the instant case.
For the foregoing reasons, the decision of the trial court is AFFIRMED.

AFFIRMED.